## SUMMERALL v. ABDULLAH, et al.
No. 72-7122.
Circuit Court, Duval County.
April 4, 1973.

158

William C. Gentry of Bedell, Bedell, Dittmar, Smith & Zehmer, Jacksonville, for the plaintiff.

Philip A. Webb, III of Webb, Swain & Watson, Jacksonville, for the defendants.

LAMAR WINEGEART, Circuit Judge.

*Order on motion to dismiss Count III of amended complaint and motion to strike parts of Count III of amended complaint:* This cause came on to be heard upon the motion to dismiss Count III of the amended complaint and motion to strike parts of Count III of the amended complaint filed herein and the court has heard argument and received memoranda of law from the respective attorneys.

The amended complaint is filed in three counts. Count I alleges a common law tort action brought by a pedestrian who was struck by a motor vehicle and alleges injuries sufficient to exclude this claim from the Florida Automobile Reparations Reform Act.

Count II is based upon the plaintiff's right as a pedestrian, not excluded under the Florida Automobile Reparations Reform Act, for payments under said Act required by §627.736 et seq. F.S., and alleges compliance with all the conditions precedent required by said Act. It further alleges that the defendant has not paid to the plaintiff these required benefits within the 30 days required by the Act.

Count III re-alleges pertinent portions of Counts I and II and brings a tort action for compensatory damages and punitive damages against the defendant because of the defendant "maliciously, willfully or with total and reckless indifference to its statutory duty . . . wrongfully withheld the payment of personal injury protection benefits . . ."

Count III then seeks to state a cause of action in tort because of the defendant's failure to comply with its statutory duty to the plaintiff. The courts of Florida have held that a cause of action lies in tort for the breach of a contract duty. And further, where such breach amounts to a cause of action in tort, there may be exemplary damages upon proper allegations and proof. Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957). Certainly, the Florida courts having recognized, as they did in the *Griffith* case, supra, such a cause of action based on a contract right and indeed an implied contractual right in that case, the court must recognize a cause of action for the defendant's failure to comply with a statutory mandate of the legislature of the state of Florida. Thus, this gives rise to the new tort for which the defendant may recover compensatory damages. Having so held then, upon allegation by the plaintiff that the defendant acted maliciously, willfully and in utter disregard of such statutory duty would, of necessity, support recovery of punitive damages upon proper proof.

The court is not convinced that the legislature, by providing in §627.736(4)(c), F.S., that all overdue payments for personal injury protection benefits not paid within the 30 days requirement of the statute shall bear simple interest at the rate of 10% per annum, makes this the exclusive remedy of a plaintiff in the position of this plaintiff and in no way abrogates his right to this cause of action.

Any person situated as this plaintiff is, having a common law tort action and personal injury protection benefits under the statute, would be susceptible to a severe amount of economic coercion to settle all claims with a carrier in the event the carrier undertook to require the plaintiff to settle his common law tort before they would pay the personal injury protection benefits. In the event the carrier's refusal constituted outrageous conduct, willfully and wantonly refusing, in good faith, to pay the statutorily required payments to such a plaintiff without the settlement of his tort claim, such would support punitive damages. There is no doubt in this court's mind that such conduct creates a new tort cause of action.

The court, as always, recognizes a cause of action may arise by the abuse of one in a position which gives him power to affect the interest of another and this has been applied by the courts when dealing with the extreme "bullying tactics" or other "high pressure" tactics of insurance adjusters seeking to enforce a compromise and settlement of claims that would constitute outrageous conduct.

The court is ruling solely on the pleadings at this time. Nothing in here is to be construed that this is what occurred in this cause

of action but merely is to be construed as (1) a plaintiff so situated does have a tort cause of action against the defendant and may seek compensatory and punitive damages, and (2) the burden of proving at trial such allegations rests firmly with the plaintiff.

It is therefore ordered: — (1) The motion to dismiss Count III of the plaintiff's amended complaint is denied. (2) The motion to strike addressed to Count III of the amended complaint is denied.