402 So.2d 453 (1981)
Donald HANFT, Appellant,
v.
SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, Appellee.
No. 80-580.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Rehearing Denied September 9, 1981.
*455 Krongold & Bass and Paul H. Bass, Coral Gables, for appellant.
Mahoney, Hadlow & Adams and William C. Crenshaw, Miami, Dana G. Bradford, II, Jacksonville, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
NESBITT, Judge.
The plaintiff (appellant), an aspiring young physician, was omitted from the defendant's (appellee) yellow pages listing of "Physicians" and subheading of "Gynecology and Obstetrics" for two successive years despite his request for such a listing. He then commenced this action for compensatory and punitive damages. The defendant filed a general denial and asserted the affirmative defense of settlement, compromise, and release, alleging that plaintiff had accepted two years of free telephone service in discharge of his grievance.[1]
At trial, there was conflicting evidence over whether a settlement had been reached or whether the plaintiff had been billed and had paid for the telephone service. The plaintiff concedes that he could not go forward with his claim for compensatory damages because he was unable to prove loss of earnings with the requisite specificity. The plaintiff does maintain that he is entitled to at least nominal damages. The trial court directed a verdict upon which final judgment was entered in favor of the defendant. This appeal ensued. We reverse.
In the trial court, the defendant based its motion for directed verdict on the plaintiff's failure to establish either compensatory damages or conduct of the defendant which would support a claim for punitive damages. The trial court granted the motion for directed verdict on the grounds of compromise and settlement. It is clear that the burden of establishing the affirmative defense of compromise and settlement is upon the defendant. It is also clear that because there were facts in dispute, that affirmative defense should have been submitted to the jury for resolution. Goff v. Indian Lakes Estates, Inc., 178 So.2d 910 (Fla.2d DCA 1965); J.A. Cantor Associates v. Blume, 106 So.2d 603 (Fla.3d DCA 1958). The defendant did not base its motion for directed verdict on the dearth of conflicting evidence with respect to the affirmative defense nor does it attempt to support the judgment on appeal on that basis.[2]
The defendant does attempt to support the judgment in its favor by arguing that the plaintiff failed to establish any loss of fees, business, or other profit and had therefore not established compensatory damages with the required degree of certainty. Beverage Canners, Inc. v. Cott Corporation, 372 So.2d 954 (Fla.3d DCA 1979). However, since the motion for directed verdict did not raise the question of liability, the defendant necessarily concedes that there was an invasion of the plaintiff's legal *456 rights which would support an award of nominal damages. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla. 1977); Beverage Canners, Inc. v. Cott Corporation, supra. A plaintiff seeking damages on a negligence theory under the circumstances of this case is at least entitled to have the jury consider the question of nominal damages and it was error to direct a verdict in favor of the defendant. See, Laird v. Potter, 367 So.2d 642 (Fla.3d DCA), cert. denied, 378 So.2d 347 (Fla. 1979).
Since the plaintiff was entitled to have his case submitted to the jury for the recovery of nominal damages, we must consider whether, under the facts alleged, he was entitled to have a jury consider his entitlement to punitive damages. Punitive damages are not generally recoverable for breach of contract irrespective of the motive of the defendant. The exception to this general rule is where the acts constituting the breach of contract also amount to a cause of action in tort, as alleged in this case. Then, there may be a recovery of punitive damages upon proper allegations of proof. For such recovery, the breach must be attended by some intentional wrong, insult, abuse, or a gross negligence which is sufficient to amount to an independent tort. Nicholas v. Miami Burglar Alarm Co., Inc., 339 So.2d 175 (Fla. 1976); American International Land Corporation v. Hanna, 323 So.2d 567 (Fla. 1975); Griffith v. Shamrock Village, 94 So.2d 854 (Fla. 1957). Gross negligence or malice may be imputed from the entire want of care or want of slight care. Griffith v. Shamrock Village, supra. In the analogous case of Maddalena v. Southern Bell Telephone and Telegraph Company, 382 So.2d 1246 (Fla. 4th DCA 1980), where the same defendant failed to properly list a commercial subscriber in the telephone directory and unilaterally terminated a "reference of calls" service on two successive years, our sister court held "[t]he compounding effect of the successive acts may in fact amount to gross negligence." We entirely agree. A finding of gross negligence would support a claim for punitive damages. The negligent performance of a contractual duty properly supports a tort action. Gallichio v. Corporate Group Service, Inc., 227 So.2d 519 (Fla.3d DCA 1969); 23 Fla.Jur. Negligence § 99.
For the foregoing reasons, the final judgment is reversed and the cause remanded for a new trial not inconsistent with this decision.
HENDRY, Judge, dissenting.
I respectfully dissent. I would affirm upon a holding that appellant's claims were compromised and settled by his negotiation and acceptance of two years of free telephone service. National Surety Co. v. Willys-Overland, Inc., 103 Fla. 738, 138 So. 24 (1931); Foliage Corp. of Florida, Inc. v. Watson, 381 So.2d 356 (Fla. 5th DCA 1980).
NOTES
[1] Other affirmative defenses were raised by the defendant in its answer. However, for the purposes of this appeal, and on the record before us, this is the only defense raised which need be addressed.
[2] The fact that a trial judge gives a wrong reason for directing a verdict is not reversible error if there is any basis in the record to support the directed verdict. Gavel v. Girton, 183 So.2d 10, 13 (Fla.2d DCA 1966); Harvey v. Maistrosky, 114 So.2d 810 (Fla.2d DCA 1959). In this case, no such basis has been demonstrated.