436 So.2d 40 (1983)
SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, Petitioner,
v.
Donald HANFT, Respondent.
No. 61224.
Supreme Court of Florida.
June 16, 1983.
Rehearing Denied September 8, 1983.
*41 Dana G. Bradford II of Gallagher, Baumer, Mikals & Bradford, Jacksonville, for petitioner.
Arnold R. Ginsberg of Horton, Perse and Ginsberg, Miami, and Krongold & Bass, Coral Gables, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of a decision of a district court of appeal, Hanft v. Southern Bell Telephone & Telegraph Co., 402 So.2d 453 (Fla. 3d DCA 1981). On the question of whether punitive damages may be awarded for the grossly negligent breach of a contractual duty, the decision below is in conflict with Carter v. Lake Wales Hospital Association, 213 So.2d 898 (Fla. 2d DCA 1968), and other decisions. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Respondent Dr. Donald Hanft brought this action against Southern Bell Telephone and Telegraph Company seeking compensatory and punitive damages. The basis of the complaint was the allegation that Southern Bell had agreed to list Dr. Hanft as a physician and as a specialist in obstetrics and gynecology in the Yellow Pages of its telephone directory and that his name was omitted from such lists for two consecutive years.
The complaint was set forth in three counts. Count one alleged that Southern Bell had breached its promise to list Dr. Hanft and his correct address and telephone number in the two lists in the Yellow Pages of the 1973-74 telephone directory, and claimed damages as a result of the breach. Count two alleged that Dr. Hanft was omitted from these lists again when the defendant published its 1974-75 directory, and again claimed compensatory damages. Count three alleged that, since Dr. Hanft had communicated with Southern Bell numerous times concerning his desire to be listed in the 1974-75 Yellow Pages, and had been assured that the proper listing would be published, the second breach constituted gross negligence. Count three demanded punitive damages.
Southern Bell filed an answer containing a general denial and raising four affirmative defenses: (1) statutory invalidity of the oral contract; (2) lack of consideration; (3) a disclaimer, published in Southern Bell's directories, negating liability; and (4) compromise and settlement. After plaintiff's counsel had presented Dr. Hanft's evidence *42 and rested, defense counsel moved for a directed verdict. The trial judge found that plaintiff had not proven his consequential damages with the legally required specificity and directed a verdict for the defendant on counts one and two. The trial judge further found that there had been no proof of willful, wanton, or malicious conduct by defendant towards the plaintiff, and so directed a verdict for defendant on count three as well. When defense counsel raised the question of whether counts one and two might still go to the jury for a determination that a legal wrong had taken place and for an award of nominal damages, the judge ruled that even nominal damages were precluded because, he found, Dr. Hanft had accepted a settlement from Southern Bell in the form of two years of free telephone service.
On appeal, the district court reversed, holding that the defendant's motion for a directed verdict as to counts one and two, based upon the failure to adequately prove compensatory damages, had inherently conceded "that there was an invasion of the plaintiff's legal rights." 402 So.2d at 455-56. The district court further concluded that the evidence was in conflict on the issue of compromise and settlement, so that counts one and two should have been submitted to the jury to consider nominal damages. Dr. Hanft apparently did not appeal the trial court's rulings regarding compensatory damages under counts one and two.
The district court also reversed the order directing a verdict as to the claim for punitive damages, holding that plaintiff's evidence should have gone to the jury for determination of whether the defendant's conduct was so willful, wanton, malicious or outrageous as to justify punitive damages. Petitioner Southern Bell contends that this decision was erroneous.
In general, punitive damages may not be awarded in cases based upon breach of contract. In order for punitive damages to be recoverable in such a case, the breach of contract must be attended by some additional wrongful conduct amounting to an independent tort. Lewis v. Guthartz, 428 So.2d 222 (Fla. 1982). For punitive damages to be recoverable in a contract case, an intentional wrong, willful or wanton misconduct, or culpable negligence, the extent of which amounts to an independent tort, must be shown. Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 (Fla. 1976); American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957). Once an independent tort is established, then then question of whether punitive damages are proper is decided under principles traditionally applicable to such question in tort cases. Willful, wanton, malicious, or outrageous misconduct must be shown. See, e.g., Ross v. Gore, 48 So.2d 412 (Fla. 1950); Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950); Dr. P. Phillips & Sons, Inc. v. Kilgore, 152 Fla. 578, 12 So.2d 465 (1943); Carter v. Lake Wales Hospital Association, 213 So.2d 898 (Fla. 2d DCA 1968).
Although couched in terms of negligence, the first two counts of Dr. Hanft's complaint in essence stated a cause of action for breach of contract. In order to prevail on the claim, the plaintiff needed to prove, among other things, that the defendant failed to fulfill its promises to list Dr. Hanft in the Yellow Pages. It was immaterial to the breach of contract action whether the breach was committed intentionally, negligently, or because of circumstances entirely beyond the defendant's control. Although the complaint alleged that in failing to include Dr. Hanft's name the second time the defendant was grossly negligent, there was no evidence presented showing the manner or method of Southern Bell's employees' conduct causing the failure. There was no proof that the breach of contract was attended by some conduct amounting to an independent tort.
The plaintiff's case consisted of his own testimony and the testimony of three of Southern Bell's employees. Dr. Hanft testified that after his name did not appear in the Yellow Pages as promised, he communicated with several of Southern Bell's employees numerous times in an effort to assure that he would be properly listed the *43 following year. Southern Bell's district manager testified that his office communicated with the directory department which kept a galley reprint of the new directory listings. The directory department supervisor checked the lists and confirmed that Dr. Hanft's name and the proper information would be listed in the next edition of the directory, including the Yellow Pages. None of the witnesses could explain precisely how Dr. Hanft's name was omitted from the Yellow Pages the second time.
Far from showing that Southern Bell's failure to perform was caused by willful, wanton, malicious, or outrageous conduct, the plaintiff's own evidence showed that defendant's employees made special efforts to ensure that Dr. Hanft's name would not be omitted a second time. That the efforts were ineffective and that the failure could not be explained are not enough to establish negligent conduct so gross as to justify the imputation of malice. Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957), upon which the court below relied, is distinguishable. There it was found that the defendant's complete lack of response to the plaintiff's demand for the promised service was the equivalent of a willful and grossly unreasonable refusal to perform. Here, in contrast, the evidence showed that efforts were made. There was not such a complete want of care as to legally constitute an intentional invasion of the plaintiff's rights. The district court's conclusion to the contrary was error.
That portion of the district court's decision that reversed the trial court's directed verdict on punitive damages is quashed. The other portion of the district court's decision, holding that the breach of contract counts should have gone to the jury on nominal damages, has not been challenged in this proceeding. The case is remanded with directions that the trial court's judgment on punitive damages be reinstated.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., dissents with an opinion.
ADKINS, Justice, dissenting.
I dissent.
In Griffith v. Shamrock Village Inc., 94 So.2d 854, 858 (Fla. 1957), the Court held that malice could be imputed to a defendant from "a want of slight care or attention by defendant to the duty it had assumed toward plaintiff."
Griffith is the landmark case on the award of punitive damages for breach of contract. In Griffith a clerk of the defendant landlord received a telephone call from the brother of the plaintiff. The clerk responded that the plaintiff had checked out and left no forwarding address. All the clerk had to do was turn his head to examine a revolving file placed nearby for the registration cards bearing the names of tenants residing there, and he would have found that the plaintiff was a resident. As a consequence of the clerk's action, plaintiff was never informed of, and therefore missed, his brother's wedding. The Court held that there was evidence on which the jury could have found that there was an extreme want of care by the defendant to the duty it had assumed toward the plaintiff from which the jury could impute malice to the defendant and assess punitive damages against him.
The plaintiff's complaint alleged that the defendant failed to exercise ordinary care and diligence when it omitted the plaintiff from the yellow pages for two consecutive years. Additionally, plaintiff alleged that the defendant was grossly negligent when it omitted the defendant for the second year of the two-year period. Since the trial court entered a directed verdict for the defendant, the district court was required to view the evidence in the light most favorable to the plaintiff. Viewing the evidence in this manner, the following facts were established: After the defendant's error in omitting plaintiff from the yellow pages for the 1973-74 directory, the plaintiff, aware of the impact a continued omission would have on his business and livelihood, contacted the defendant's business management personnel repeatedly throughout *44 the following year in hopes of assuring that the mistake would not occur again. In August of 1974, prior to distribution of the yellow pages to the public, the plaintiff found that he had been omitted a second time. Upon contacting the defendant's business office manager, the plaintiff was informed that nothing could be done to rectify the situation and the directory was subsequently distributed to the public without the plaintiff's listing.
The plaintiff contends that the facts could support a jury finding that the defendant evidenced an entire want of care or want of slight care or attention to the duty owed the plaintiff, or great indifference to his rights. I agree. From such a finding, the jury could have imputed malice to the defendant and supported a verdict of punitive damages. Accordingly, the court should have submitted the issue of punitive damages to the jury. Where claims for punitive damages are made, the respective provinces of the court and jury are well defined. The court is to decide at the close of the evidence whether there is a legal basis for recovery of punitive damages shown by any interpretation of the evidence favorable to the plaintiff. Wackenhut Corp. v. Canty 359 So.2d 430, 435 (Fla. 1978); Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (Fla. 1936). Once the court permits the issue to go to the jury and instructs the jury on the applicable law, the jury must determine whether the elements are present to warrant an award of punitive damages in light of all the evidence. The decision of the district court should be approved.