## CAYER v SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY

Case No. 84-8011-CA

Fourth Judicial Circuit, Duval County

October 1, 1985

### APPEARANCES OF COUNSEL

**Donald Ray Coleman, Jr.** for plaintiff.

**Harold B. Wahl** and **Mitchel E. Woodlief, Wahl and Gabel,** for defendant.

### OPINION OF THE COURT

THOMAS D. OAKLEY, Circuit Judge.

*SUMMARY JUDGMENT FOR THE DEFENDANT, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY*

This cause coming on to be heard, after due notice, on Defendant's Motion for Summary Judgment, the Court finds from the pleadings, Affidavits, and Plaintiff's deposition taken herein, the following to be the undisputed facts:

1. In each of the 1981-82 and the 1982-83 issues of the Defendant's Jacksonville telephone directory, Plaintiff's name was omitted from the Yellow Pages, even though he had entered into a contract with the

Defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY (hereinafter "SOUTHERN BELL"), for a Yellow Page advertisement.

2. In each of these directories, Plaintiff had listings which were correct in the white pages where both his home and office addresses and telephone numbers were correctly shown.

3. In the telephone directories for the two prior years, 1979-80 and 1980-81, not only was Plaintiff's name and address and telephone number correctly shown in the white pages, but his Yellow Page advertisement was also correctly listed.

4. Attached to Plaintiff's Complaint as Exhibits "A" and "B" are the application and contract for Yellow Page directory advertisement, which application and contract provided:

"THE TELEPHONE COMPANY'S LIABILITY ON AC-COUNT OF ERRORS IN OR OMISSIONS OF SUCH ADVERTISING SHALL IN NO EVENT EXCEED THE AMOUNT OF CHARGES FOR THE ADVERTISING WHICH WAS OMITTED OR IN WHICH THE ERROR OCCURRED IN THE THEN CURRENT DIRECTORY ISSUE AND SUCH LIABILITY SHALL BE DISCHARGED BY ABATEMENT OF THE CHARGES FOR THE PARTICULAR LISTING OR ADVERTISEMENT IN WHICH THE OMISSION OR ERROR OCCURRED."

5. Plaintiff attached the contracts to his Complaint, and as stated in *Southern Bell v. Hanft*, (Fla. 1983) 436 So.2d 40 at 42:

"Although couched in terms of negligence, the first two counts of Dr. Hanft's complaint in essence stated a cause of action for breach of contract. In order to prevail on the claim, the plaintiff needed to prove, among other things, that the defendant failed to fulfill its promises to list Dr. Hanft in the Yellow Pages. It was immaterial to the breach of contract action whether the breach was committed intentionally, negligently, or because of circumstances entirely beyond the defendant's control. Although the complaint alleged that in failing to include Dr. Hanft's name the second time the defendant was grossly negligent, there was no evidence presented showing the manner or method of Southern Bell's employees' conduct causing the failure. There was no proof that the breach of contract was attended by some conduct amounting to an independent tort."

See also 38 Fla.Jur.2d Section 88, Negligence.

6. Plaintiff testified at his deposition:

At page 5, Plaintiff admitted that at all times in question, the white pages showed properly his full home and office telephone.

At page 10, the Exhibits "A" and "B" are the contracts on which he brings suit, the agreements with the limitation of liability above quoted.

At page 12, that Plaintiff was in the office of attorney Lassiter who had the telephone service, Plaintiff used it, and paid Lassiter "a proper share."

At page 16, Plaintiff said he perused the agreements (containing the limitation of liability), and "anything that was in it I am sure I read."

At page 26, Plaintiff admitted that when clients said they could not locate him, Plaintiff's name was "in the white pages the whole time, both office and home"; that these white pages had been the same for at lest two years (page 36).

At page 41, Plaintiff said he had *"no evidence of any malicious intent* by the Telephone Company to keep his name out of Yellow Page advertisements." He thought the Telephone Company was "grossly negligent . . . when they were told several times they had not".

7. Just as stated in *Southern Bell v. Hanft,* (Fla. 1983) 436 So.2d at 42, "although the Complaint alleged that in *failing to include Dr. Hanft's name the second time the Defendant was grossly negligent, there was no evidence presented showing the manner or method of Southern Bell's employees' conduct causing the failure. There was no proof that the breach of contract was attended by some conduct amounting to an independent tort."*

The Telephone Company employees here testified, *without contradiction,* in their sworn Affidavits, that they attempted in every way to get Plaintiff's name in the Yellow Pages, and that for some unexplainable reason, probably computer failure, their efforts failed. Plaintiff concedes he has nothing to the contrary.

In *Hanft* the Supreme Court stated at pages 42-43, this being also the general factual situation here:

"The plaintiff's case consisted of his own testimony and the testimony of three of Southern Bell's employees. Dr. Hanft testified that after his name did not appear in the Yellow Pages as promised, he communicated with several of Southern Bell's employees numerous times in an effort to assure that he would be properly listed the following year. Southern Bell's district manager testified that his office communicated with the directory department which kept a galley reprint of the new directory listings. The directory department supervisor checked the lists and confirmed that Dr. Hanft's name

90

and the proper information would be listed in the next edition of the directory, including the Yellow Pages. *None of the witnesses could explain precisely how Dr. Hanft's name was omitted from 'the Yellow Pages the second time.*

*Far from showing that Southern Bell's failure to perform was caused by willful, wanton, malicious, or outrageous conduct, the plaintiff's own evidence showed that defendant's employees made special efforts to ensure that Dr. Hanft's name would not be omitted a second time. That the efforts were ineffective and that the failure could not be explained are not enough to establish negligent conduct so gross as to justify the imputation of malice. Griffith v. Shamrock Village, Inc.,* 94 So.2d 854 (Fla. 1957), upon which the court below relied, is distinguishable. There it was found that the defendant's complete lack of response to the plaintiff's demand for the promised service was the equivalent of a willful and grossly unreasonable refusal to perform. Here, in contrast, the evidence showed that efforts were made. There was not such a complete want of care as to legally constitute an intentional invasion of the plaintiff's rights."

8. Plaintiff had also had Yellow Page advertising in the two prior directories and the same application form and contract form was used.

9. Plaintiff was not charged for the advertising which was omitted.

10. The Courts have uniformly upheld the limitation of liability contained in paragraph 4 above quoted. See *Neering v. Southern Bell,* (M.D. Fla. 1958) 169 Fed.Supp.133, and cases cited therein; *Horne v. Southern Bell* (CC Dade 1962) 19 Fla.Supp. 142, 144, holding if Plaintiff received the contract and did not disavow it, he is bound; 55 Fla.Jur.2d, Telecommunications, Section 18 and cases cited; *Advance Services, Inc. v. General Telephone Company of Florida,* 187 So.2d 660 (Fla. DCA 1966); *Saleeba v. Southern Bell Telephone and Telegraph Co.,* 15 Fla.Supp. 159 (CC Duval 1960); *Britt v. Southern Bell Telephone and Telegraph Co.,* 21 Fla. Supp. 72 (CC Duval 1963); *Original New York Meat Market of Miami Beach, Inc. v Southern Bell Telephone and Telegraph Co.,* 21 Fla.Supp. 151 (CC Dade 1963); *Pilot v. Southern Bell Telephone and Telegraph Co.,* (D.S. S.C. 1978) 495 F. Supp. 356; and *Lucas v. Southern Bell Telephone and Telegraph Co.,* Case No. 75-11789-CA, Duval Circuit Court, where on January 16, 1976, the Court dismissed the Complaint relying on the same limitation of liability here, affirmed per curiam by the Florida District Court of Appeal on July 16, 1976.

The providing of so called Yellow Pages advertising is not a public service required by law (such as listing in the white pages of the

directory) but is the Telephone Company's *private, as distinguished from public, service*. Its private nature validates a limitation of liability such as that here. See *Baird v. Chesapeake Telephone Co.,* (1955) 208 Md. 245, 117 A.2d 873; *Mitchell v. Southwestern Bell,* (1957 Mo.App.) 298 S.W.2d 520, and other cases cited at 92 ALR 2d 919 Annotation on Telephone Directory, Mistake, Omission, sections 11 and 12, pages 940, et seq. *Neering v. Southern Bell,* (U.S.D.C. S.D. Fla. 1958), *supra,* is cited at page 943; see also 55 Fla.Jur.2d, Telecommunications, Section 18, pages 74-75, and Section 32, page 90.

11. Here, Plaintiff, in his deposition, frankly admitted that he had read the application and contract before he entered into the contract with SOUTHERN BELL on which he sues.

12. As held in the cases cited in *Neering, supra,* it is the duty of every party to learn and know the contents of a contract before he entered into it. This would apply in even greater force to a lawyer like Plaintiff. See also *Merrill Lynch v. Benton,* (Fla. DCA 5, 1985), 467 So.2d 322.

13. Plaintiff is bound by the contract limitation of liability. He apparently attempts to get around the limitation by asserting that the gross negligence of the Telephone Company obviated the limitation. However, even if gross negligence were controlling[1] in *Hanft, supra,* the Supreme Court squarely held that a showing such as that made here did not show gross negligence. The limitation is valid.

The Court finds, therefore, that there is no genuine issue as to any material fact and the Defendant, SOUTHERN BELL, is entitled to summary judgment herein against the Plaintiff, M. CARROLL CAYER, as a matter of law.

'Upon consideration, it is ORDERED and ADJUDGED that the defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, be granted summary judgment here under F.R.C.P. 1.510; that Plaintiff, M. CARROLL CAYER, take nothing by his suit; that Defendant, SOUTHERN BELL TELEPHONE AND TELE-GRAPH COMPANY, go hence without day; and that the Defendant recover from the Plaintiff its costs herein to be taxed by the Clerk.

Counsel's footnote:

---

[1] See *Rollins v Heller* (Fla. DCA 3, 1984), 454 So.2d 581, holding that the limitation defense is good as against gross negligence. The District Court reversed the trial court for not limiting recovery to the limitation provision, despite gross negligence.