PARKER, Judge.
Thomas S. Russell and June M. Russell, the plaintiffs, appeal a final summary judgment entered in favor of C. Edward Dalby and Professional Realty Consultants, Inc. (PRC). The Russells’ complaint alleged that PRC breached its fiduciary duty to them by returning an escrow deposit in a real estate transaction. We reverse because we find that there is a genuine question of fact whether PRC’s conduct constituted gross negligence.
The Russells, as sellers, entered into a real estate contract with Hiltrud Scott, as buyer. PRC was the procuring broker and Dalby was the managing broker of PRC in this real estate transaction. PRC also acted as the escrow agent and held Scott’s deposit. Pursuant to the contract, Scott had until June 10, 1988, to cancel the contract if she failed to obtain a mortgage commitment. At least ten days after that date, Scott’s attorney prepared a letter which canceled the contract and demanded return of the escrow funds. No one received this letter. On July 5, 1988, PRC received a letter from Scott’s attorney making the same demand. On July 7, 1988, PRC returned Scott’s full deposit without consultation with the Russells, the attorney for the Russells, or the listing broker.
PRC and Dalby filed a motion for summary judgment, which the trial court granted. The final summary judgment would be proper only if PRC’s conduct did not amount to willful misconduct or gross negligence as a matter of law.[1] The Rus-sells do not claim that PRC’s actions were willful misconduct and rely on the gross negligence theory of liability. “[Gjross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property.” Clements v. Deeb, 88 So.2d 505, 506 (Fla.1956) (quoting Bridges v. Speer, 79 So.2d 679, 682 (Fla.1955) (en banc)). Our research produced only one case where a person brought a complaint against an escrow agent, alleging gross negligence in releasing escrow funds. Tenzer, Greenblatt, Fallon & Kaplan v. Capri Jewelry, Inc., 128 A.D.2d 467, 513 N.Y.S.2d 157 (1987). In that case, the court held that there were disputed *134 questions of fact (which were not set forth in the opinion) and ruled that the motion for summary judgment was properly denied. This case indicates that some type of conduct in releasing an escrow deposit can amount to gross negligence. We must determine in this appeal the degree of misconduct required to rise to the level of gross negligence.
Most cases attempting to answer this inquiry are personal injury cases. The case of Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla.1957) is helpful in analyzing the instant appeal because Griffith is not a personal injury case. In Griffith, the plaintiff brought an action against the operator of rental units, alleging gross negligence of the defendant in failing to deliver a telephone message to the plaintiff. The Griffith court held that the trial court erred in refusing to submit the plaintiffs claim for punitive damages to the jury which would have required a showing of gross negligence. The Griffith court reasoned that “[tjhere was evidence on which the jury could have found that there was an entire want of care or a want of slight care or attention by defendant to the duty it had assumed toward plaintiff.” Griffith, 94 So.2d at 858. The same can be said in the instant case, i.e., there was evidence from which the jury could conclude that PRC failed to exercise even the slightest degree of care in the performance of its duty toward the Russells.[2] Thus, the trial court erred in entering summary judgment in favor of PRC and Dalby because the matter should be submitted to the jury.[3]
Reversed and remanded for proceedings consistent with this opinion.
HALL, A.C.J., and PATTERSON, J., concur.

. Paragraph 18 of the contract provides that the escrowee shall be liable only for willful misconduct or gross negligence.

. Paragraph 7 of the contract stated that PRC was the procuring broker and that a broker is an agent of the seller.

. We note that the third amended complaint contained no allegations of misconduct by Dal-by and requested no relief against him. Dalby did not raise this apparent deficiency in his motion for summary judgment. This opinion shall not be interpreted as precluding Dalby from raising this issue in the trial court.