ALTENBERND, Judge.
In these consolidated appeals, Thomas S. Russell and June M. Russell appeal a final summary judgment entered in favor of Hil-trud Scott on November 10, 1989, and an order enforcing settlement entered on July 9, 1990. We affirm the order enforcing *882 settlement and, accordingly, dismiss the earlier appeal pursuant to the settlement.
The Russells filed their appeal from the summary judgment in favor of Ms. Scott in February 1990.[1] In May, Ms. Scott filed a motion in this court to relinquish jurisdiction to the trial court. The motion explained that, although the parties had settled the case on April 2, 1990, the Russells had failed to comply with the terms of the settlement. The motion was unopposed, and this court relinquished jurisdiction to the trial court to entertain a motion to enforce the settlement.
The trial court then held an evidentiary hearing and determined that the parties had in fact settled their dispute. It found that the Russells had agreed to dismiss their appeal of the summary judgment in exchange for a satisfaction of the judgment for costs and attorney’s fees that Ms. Scott had received against them.
In the appeal of the settlement order, the Russells do not dispute the trial court’s findings of fact or legal conclusions. They merely argue that the trial court lacked jurisdiction to enter the order. They correctly observe that a trial court loses most of its jurisdiction after an appeal has been taken. They rely upon Jared v. Jackson, 483 So.2d 51 (Fla. 4th DCA 1986), for the proposition that the trial court in this case had no authority to enforce the settlement agreement because the settlement was reached after the appeal had been filed. For whatever reason, Ms. Scott has not opposed this argument.
While Jared correctly holds that a trial court lacks inherent authority to entertain a motion to enforce a settlement while a case is pending in an appellate eourt, Jared does not discuss the authority of an appellate court to grant jurisdiction to a trial court for that purpose. This court has clear authority to relinquish jurisdiction to a trial court for such a purpose. Fla.R. App.P. 9.600(b). Because this court entered an order authorizing the trial court to proceed with a hearing on the settlement at the request of these parties, the trial court had jurisdiction to enforce the settlement.
Accordingly, we affirm the order enforcing settlement in case number 90-02612 and dismiss the appeal of the summary judgment in case number 90-00556 pursuant to the terms of the settlement agreement. Ms. Scott is directed to provide a satisfaction of judgment to the Russells’ attorney within fifteen days from the filing of this opinion. The Russell’s attorney is directed to hold the satisfaction in trust until mandate issues from this court.
SCHEB, A.C.J., and CAMPBELL, J., concur.

. The Russells also filed a separate appeal of a summary judgment granted in favor of the real estate broker who had been involved in the transaction. Because rehearing delayed the time to appeal the judgment in favor of Ms. Scott, the appeals of these two summary judgments have proceeded separately in this court. This court recently reversed the summary judgment obtained by the broker. Russell v. Dalby, 573 So.2d 133 (Fla. 2d DCA 1991).