645 So.2d 102 (1994)
FLORIDA TEMPS, INC., a Florida corporation; Employer Compliance Co., Inc., a Delaware corporation; and Melvin Klinghoffer and Janice Klinghoffer, his wife, Appellants,
v.
SHANNON PROPERTIES, INC., a Delaware corporation, Appellee.
No. 92-04136.
District Court of Appeal of Florida, Second District.
November 9, 1994.
David R. Schachter, Clearwater, and Peter J. Winders of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellants.
John H. Rains, III, and Joseph N. Tucker of Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, for appellee.
*103 ALTENBERND, Judge.
This landlord-tenant dispute involving two five-year leases of commercial property mushroomed into a lengthy nonjury trial with various claims and counterclaims. We affirm the trial court's determinations on liability, but vacate the award of damages.
Florida Temps, Inc. (Florida Temps), entered into a five-year lease of office space with Shannon Properties, Inc. (Shannon), in February 1989. The lease provided for a "free" twelve-month period at its inception. On default, however, the tenant was obligated to pay the rent for this initial year. Melvin Klinghoffer is the primary corporate officer for Florida Temps. His wife, Janice Klinghoffer, works in the business as a secretary. They jointly signed a guaranty of Florida Temps' obligations under the lease.
Almost as soon as Florida Temps moved into this leased space, Mr. Klinghoffer began to complain about the air conditioning system. The parties made various concessions and agreements with one another. The initial lease was modified, and Florida Temps entered into a separate lease for additional space in the building. The disagreements between the parties continued. On January 15, 1990, Florida Temps' attorney advised Shannon that his client was electing to terminate the leases. When Shannon protested, Florida Temps filed a lawsuit in April 1990 and Shannon counterclaimed.[1]
In the lawsuit, Florida Temps maintained that Shannon had breached the lease agreements because of the air conditioning problems and other difficulties. In the counterclaim, Shannon contended that Florida Temps had used the alleged air conditioning problem as a ruse to occupy the premises for the "free" year and then abandon the property when payments became due. Shannon's counterclaim sought accelerated rent under the lease, including the rent required for the first year in the event of breach. It also alleged fraud in the inducement, requesting both compensatory and punitive damages. Finally, Shannon asked for judgment against both of the Klinghoffers on the personal guaranty.
After a lengthy nonjury trial, the court ruled in favor of Shannon. It found that Florida Temps had not entered into the lease in good faith, and that its improper attempts to terminate the lease constituted an anticipatory breach, invoking the obligation to pay rent for the first year. The trial court also found that Melvin Klinghoffer and Florida Temps had committed fraud in the inducement. Without delineating the basis for the damages, it awarded $178,306 in compensatory damages and $1 in punitive damages, jointly and severally, against Florida Temps, Melvin Klinghoffer and Janice Klinghoffer. Florida Temps and the Klinghoffers filed a motion for clarification concerning these damages, but that motion was denied.
It is significant that Florida Temps did not vacate these premises during the litigation. Under a mutual reservation of rights, it continued to occupy the premises and pay rent until the entry of final judgment. Thus, with the exception of rent for the initial "free" year, several other items of expense, and attorneys' fees, Florida Temps had apparently paid Shannon most of its obligation under the lease up to the entry of judgment.[2]
The record supports the trial court's determination that Florida Temps breached the lease and that both Florida Temps and Mr. Klinghoffer committed fraud in the inducement. These determinations, however, do not support an undifferentiated award of $178,306, jointly and severally, against the counterdefendants for compensatory damages, nor do they support any award of punitive damages against Mrs. Klinghoffer.
Concerning Mrs. Klinghoffer, the only alleged basis for liability is the guaranty. The trial court did not find that she was involved in any effort to defraud Shannon. Thus, she is only liable on the guaranty for amounts owing and unpaid by Florida Temps under *104 the lease. This record does not support an award of $178,306 on the guaranty, nor would that theory authorize punitive damages.
Moreover, the counterdefendants should be entitled to a credit for the amounts paid by Florida Temps during the term of the lease. Cf. Blimpie Capital Venture, Inc. v. Palms Plaza Partners, Ltd., 636 So.2d 838 (Fla. 2d DCA 1994) (when lessor retakes possession of premises and then leases to third party, lessee is entitled to credit for rent received from third party against any judgment for accelerated rents). The parties cannot establish what, if any, credit the trial court gave for rental payments before judgment. Even Shannon has no explanation for the trial court's method in arriving at $178,306 in undifferentiated damages.
Shannon is not entitled to damages for fraud that duplicate damages awarded for breach of the contract. See John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988), review denied, 547 So.2d 1210 (Fla. 1989). Most, if not all, of Shannon's requested damages were recoverable on the breach of contract theory.
There is a substantial risk that Shannon will receive an unintended windfall unless this judgment is clarified. Accordingly, we reverse. On remand, the trial court shall enter a judgment specifying the theory of recovery for each award of damages, offsetting rental payments where appropriate, and clarifying whether any award for breach of contract duplicates an award for fraud in the inducement of the contract. We recognize that some additional testimony may be necessary to enter a revised judgment, but anticipate that the trial court can rely primarily upon the existing record to enter this judgment.
Affirmed in part, reversed in part, and remanded.
PATTERSON, A.C.J., and QUINCE, J., concur.
NOTES
[1] This abbreviated statement of the facts undoubtedly does not explain all of the circumstances that would seem important to one side or the other to this dispute, but it is sufficient for the purposes of this opinion.
[2] The term of this five-year lease expired while this appeal was pending.