770 So.2d 181 (2000)
Soraya GHODRATI, Appellant,
v.
MIAMI PANELING CORP., Appellee.
No. 3D99-2117.
District Court of Appeal of Florida, Third District.
September 20, 2000.
*182 Sina Negahbani, for appellant.
Edilberto O. Marban, Miami, for appellee.
Before SCHWARTZ, C.J., and LEVY and FLETCHER, JJ.
FLETCHER, Judge.
Soraya Ghodrati, plaintiff below, appeals from a final judgment awarding her compensatory damages in her action against defendant, Miami Paneling Corp., but denying her punitive damages and awarding attorney's fees to defendant as the prevailing party under section 501.2105, Florida Statutes (1997). We affirm the denial of punitive damages, but reverse the award of attorney's fees to defendant.
This action developed out of a dispute over the purchase of ceiling tiles. According to the plaintiff, she placed an order for a specific ceiling tile which defendant's employees had assured her they carried. When the tiles were delivered, however, they were not those requested, and defendant subsequently admitted that it did not carry the exact type of tiles the plaintiff desired. Defendant contends that it then attempted to reimburse plaintiff the $700.00 which she had paid for the tiles, but that she refused to accept the money.
The plaintiff filed a multi-count complaint in the circuit court which included claims for fraudulent inducement, deceit, negligent misrepresentation, violation of Florida's Deceptive and Unfair Trade Practices Act, breach of the Magnuson-Moss Warranty Act, breach of express warranty, breach of implied warranty of merchantability, tortious breach of implied covenant of good faith and fair dealing, negligence, negligent hiring, training, supervision and retention, and breach of contract. The damages pled were loss of money, inconvenience, aggravation and upset. In addition to demanding attorney's fees and costs under the two statutory claims, plaintiff requested leave to include a claim for punitive damages.
The trial court denied plaintiff's request for punitive damages although it did enter summary judgment in her favor. The judgment awarded plaintiff exclusively the amount she had paid for the tiles, $700.00. Both parties subsequently moved for attorney's fees and costs under the Deceptive and Unfair Trade Practice Act which provides for attorney's fees to be awarded to the prevailing party. The trial court found the defendant to be the prevailing party entitled to recover attorney's fees and costs.
Addressing first the issue of punitive damages, we conclude that the trial court properly rejected such damages in this breach of contract action. Punitive damages are generally not recoverable for a breach of contract unless it is accompanied by a separate and independent tort claim. See, e.g., Ferguson Transp., Inc. v. North American Van Lines, Inc., 687 So.2d 821 (Fla.1996); Southern Bell Tel. & Tel. Co. v. Hanft, 436 So.2d 40 (Fla.1983); John Brown Automation, Inc. v. Nobles, 537 So.2d 614 (Fla. 2d DCA 1988), rev. denied, 547 So.2d 1210 (Fla.1989); Schimmel v. Merrill Lynch Pierce Fenner & Smith, Inc., 464 So.2d 602 (Fla. 3d DCA 1985). Plaintiff argues that because her complaint pled tort claims of fraudulent inducement, deceit and negligent misrepresentation this case falls within the exception and she is entitled to punitive *183 damages. A plaintiff, however, may not recover damages for fraud that duplicate damages awarded for breach of contract. See Williams v. Peak Resorts Int'l, Inc., 676 So.2d 513, 517 (Fla. 5th DCA 1996); Florida Temps, Inc. v. Shannon Properties, Inc., 645 So.2d 102 (Fla. 2d DCA 1994); Green Mountain Corp. v. Frink, 604 So.2d 579 (Fla. 4th DCA 1992); Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), rev. denied, 494 So.2d 1151 (Fla.1986). The damages requested by the plaintiff under her tort theories are identical to those requested in her claim for breach of contract. Moreover, the record does not show that the plaintiff suffered any damages other than the breach-of-contract damages awarded by the trial court.
With regard to point two of this appeal, we agree with the plaintiff that the trial court erred in finding the defendant to be the prevailing party entitled to attorney's fees and costs under the Deceptive and Unfair Trade Practices Act. Section 501.2105, Florida Statutes (1997), provides, in pertinent part: "(1) In any civil litigation resulting from an act or practice involving a violation of this part ..., the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." In Heindel v. Southside Chrysler-Plymouth, Inc., 476 So.2d 266 (Fla. 1st DCA 1985), the First District reversed an award of attorney's fees to a defendant which had obtained a directed verdict on a deceptive trade practices claim, but had suffered an adverse money judgment on two alternative claims, after interpreting the "after judgment in the trial court" language of the statute as a requirement that a party first obtain a judgment in its favor before it is entitled to attorney's fees. We concur with our sister court that this statute should be strictly construed, and that such a construction does require entry of a favorable judgment before attorney's fees may be awarded.
For the foregoing reasons, we affirm the order denying punitive damages, reverse the order declaring defendant to be the prevailing party entitled to attorney's fees under section 501.2105, Florida Statutes (1997), and remand for proceedings consistent with this opinion.