# Third District Court of Appeal
## State of Florida

Opinion filed November 23, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-629
Lower Tribunal No. 18-18664
_____

**Mario Abad and Claudia Abad,**
Appellants,

vs.

**Venus Lacalamita,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

The Billbrough Firm, and G. Bart Billbrough, for appellants.

V. Julia Luyster, P.A., and V. Julia Luyster (Plantation); J.B. Harris, P.A., and J.B. Harris, for appellee.

Before LOGUE, SCALES, and HENDON, JJ.

HENDON, J.

Mario Abad and Claudia Abad (collectively, "Abads") appeal from a

non-final order granting Venus Lacalamita's ("Lacalamita") motion for leave to amend to file a fourth amended complaint to assert a claim for punitive damages ("Motion for Leave to Amend").[1]  We reverse as Lacalamita is precluded from seeking punitive damages based on the independent tort rule.

Lacalamita filed suit against the Abads and others, seeking damages allegedly sustained as a result of the Abads' failure to maintain their condominium unit leased to Lacalamita.  Thereafter, Lacalamita filed the Motion for Leave to Amend, which was based on the same facts alleged in the initial complaint, attaching the proposed fourth amended complaint. The proposed fourth amended complaint was filed only against the Abads and alleged the following counts:  Count I—breach of contract; Count II— violation of section 83.40 *et seq.*, Florida Statutes (Florida Residential Landlord and Tenant Act); Count III—gross negligence; Count IV—

_____

[1] This Court has jurisdiction. See Fla. R. App. P. 9.130(a)(3)(G) (providing that district courts of appeal have jurisdiction to review by interlocutory appeal a nonfinal order granting or denying a motion for leave to amend a complaint to assert a claim for punitive damages); Vital Pharms., Inc. v. Kesten, 3D22-582, 47 Fla. L. Weekly D1783 (Fla. 3d DCA Aug. 24, 2022) (holding that district courts of appeal have jurisdiction to review by interlocutory appeal a nonfinal order granting or denying a motion for leave to amend a complaint to assert a claim for punitive damages where the order was rendered before the effective date of rule 9.130(a)(3)(G), which was April 1, 2022, but the interlocutory appeal was filed in the district court after the effective date of rule 9.130(a)(3)(G)).

vicariously liability for the negligence of the company hired by Mario Abad to maintain the condominium unit; Count V—breach of a non-delegable duty to provide reasonably safe premises; and Count VI—negligent infliction of emotional distress. The only count in which Lacalamita specifically sought punitive damages was in Count III—gross negligence.[2]

Pursuant to section 768.72(2)(b), Florida Statutes (2021), a defendant may be held liable for punitive damages if a jury finds that the defendant was personally guilty of "gross negligence." Count III was based on the same facts alleged in Count I for breach of contract, and basically sought the same damages, except that in Count III, Lacalamita also sought punitive damages. "Florida's independent tort rule precludes the recovery of punitive damages for a breach of contract claim unless the claimant has asserted a tort independent of the alleged breach of contract." TRG Desert Inn Venture, Ltd. v. Berezovsky, 194 So. 3d 516, 519 n.3 (Fla. 3d DCA 2016); see also Ghodrati v. Miami Paneling Corp., 770 So. 2d 181, 182 (Fla. 3d DCA 2000) ("Punitive damages are generally not recoverable for a breach of contract unless it is accompanied by a separate and independent tort claim."). As Lacalamita's claim that the Abad's conduct constituted "gross negligence" is not independent of the alleged breach of contract

---

[2] The initial complaint did not include a count for gross negligence.

3

claim, she is precluded from seeking punitive damages for the Abads' alleged "gross negligence" based on Florida's independent tort rule. Accordingly, we reverse the order under review.

Based on our conclusion, we do not need to address the remaining arguments raised in this non-final appeal.

Reversed.