# Third District Court of Appeal

## State of Florida

Opinion filed August 6, 2025.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-0971
Lower Tribunal No. 21-7788-CA-01

————————————

## Ramon International Insurance Brokers, Inc., etc., and Iris Arden,
Appellants,

vs.

## Chaucer Syndicates Limited, etc., and Anova Marine Insurance Services, LLC,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Lisa S. Walsh, Judge.

Fox Rothschild LLP, and Joseph A. DeMaria and Victor Sanabria, for appellants.

Colodny Fass, and Maria Elena Abate and Fernando J. Valle (Sunrise), for appellees.

Before FERNANDEZ, MILLER, and GOODEN, JJ.

PER CURIAM.

Appellants Ramon International Insurance Brokers, Inc. and Iris Arden appeal the trial court's order on dueling motions to amend for punitive damages. The trial court denied Ramon International's request, but granted Appellees Chaucer Syndicates Limited's and Anova Marine Insurance Services, LLC's request. We affirm the denial of Ramon International's motion without further discussion. But we reverse the grant of Chaucer Syndicates' and Anova Marine Insurance's motion.

In their complaint, Anova Marine Insurance and Chaucer Syndicates assert numerous causes of action sounding in both tort and contract. The trial court permitted punitive damages to be pled against Arden in Count V for fraud and against Ramon in Count VI for fraud in the inducement. Yet the Appellees seek the same damages as their contract claims—the difference in premiums collected and wrongly retained. For this reason, we reverse the order allowing amendment for punitive damages. See S. Bell Tel. & Tel. Co. v. Hanft, 436 So. 2d 40, 42 (Fla. 1983) ("In general, punitive damages may not be awarded in cases based upon breach of contract. In order for punitive damages to be recoverable in such a case, the breach of contract must be attended by some additional wrongful conduct amounting to an independent tort."); Ghodrati v. Miami Paneling Corp., 770 So. 2d 181, 182–83 (Fla. 3d DCA 2000) ("Punitive damages are generally not

2

recoverable for a breach of contract unless it is accompanied by a separate and independent tort claim. Plaintiff argues that because her complaint pled tort claims of fraudulent inducement, deceit and negligent misrepresentation this case falls within the exception and she is entitled to punitive damages. A plaintiff, however, may not recover damages for fraud that duplicate damages awarded for breach of contract.") (citations omitted); see also Peebles v. Puig, 223 So. 3d 1065, 1069 (Fla. 3d DCA 2017) ("Under such circumstances, Florida does not allow a party damaged by a breach of contract to recover the exact same contract damages via a fraud claim."); Ginsberg v. Lennar Florida Holdings, Inc., 645 So. 2d 490, 494 (Fla. 3d DCA 1994) ("It is well established that breach of contractual terms may not form the basis for a claim in tort. Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.").

Reversed, in part; affirmed, in part.