# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-424
Lower Tribunal No. 09-4953
_____

**TRG Desert Inn Venture, Ltd.,**
Petitioner,

vs.

**Michael Berezovsky,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Greenberg Traurig, P.A., and Elliot H. Scherker, Brigid F. Cech Samole, and Jay A. Yagoda, for petitioner.

Bennett Aiello & Cohen, and Michael P. Bennett and Jeremy R. Kreines, for respondent.

Before SHEPHERD, ROTHENBERG and SCALES, JJ.

SCALES, J.

Petitioner TRG Desert Inn Venture, Ltd. ("TRG") seeks certiorari review of the trial court's order granting Respondent Michael Berezovsky's motion for leave to add a claim for punitive damages against TRG (the "Motion").

Because our standard of review is limited to whether the trial court conformed to the procedural requirements of section 768.72 of the Florida Statutes, we are compelled to deny TRG's petition.

**I. Facts**

In February of 2004, Berezovsky entered into a pre-construction purchase and sale contract with TRG to purchase a condominium unit in Sunny Isles Beach, Florida. Pursuant to the contract, Berezovsky made a $141,780 deposit on the unit.

Almost a year later, in January of 2005, Berezovsky assigned his interest in the contract to Boris Tarlo and Margarita Golkova, a married couple (collectively, "Tarlo"), in exchange for $247,880 (an amount that includes the amount of Berezovsky's deposit).

Berezovsky then requested of TRG a written Assignment and Assumption Agreement to memorialize Berezovsky's assignment to Tarlo. Via overnight courier, a TRG employee, Karen Serzen, sent TRG's Assignment and Assumption Agreement form to Berezovsky for his signature. This form, which did not memorialize the terms of the alleged agreement between Berezovsky and Tarlo, was signed and returned to TRG that same day, January 26, 2005.

Five days later, however, Berezovsky faxed TRG a document captioned, "Disclaimed Notice of Assignment and Assumption Agreement," purporting to repudiate and disclaim Berezovsky's prior signed assignment. In this disclaimer notice, Berezovsky stated that his mother mistakenly signed the Assignment and Assumption Agreement on his behalf.

The next day, February 1, 2005, TRG sent Berezovsky a standard letter informing Berezovsky that the time had arrived for Berezovsky to select kitchen cabinets and countertops, as well as countertops for the master bathroom. Berezovsky signed off on his selections on February 9, 2005.

On February 15, 2005, TRG sent both Berezovsky and Tarlo a fully executed copy of the Assignment and Assumption Agreement, bearing the signatures of a TRG representative, Tarlo, and, apparently, Berezovsky.[1] Berezovsky responded by re-sending the "Disclaimed Notice of Assignment and Assumption Agreement" document to TRG.

In the ensuing months, Berezovsky and Tarlo (through their respective attorneys) argued over several issues related to the assignment of the condominium unit. In the meantime, TRG completed construction of the unit.

---

[1] As indicated, *supra*, Berezovsky claimed that his mother inadvertently signed and returned the form.

In February of 2007, TRG closed on the condominium unit by selling the unit to Tarlo. TRG credited Berezovsky's $141,780 deposit to Tarlo in the transaction. Berezovsky claims that this transaction occurred surreptitiously and without Berezovsky's knowledge or consent.

Berezovsky sued both TRG and Tarlo. In Berezovsky's fifth amended complaint, Berezovsky alleges that: (i) Tarlo is liable for breach of contract, unjust enrichment, tortious interference, negligent misrepresentation, conversion and fraud; and (ii) TRG is liable for breach of contract, negligence, conversion and fraud. Essentially, Berezovsky alleges that TRG acted either in an intentional or grossly negligent manner when, knowing that Berezovsky had disclaimed the Assignment and Assumption Agreement, TRG sold the unit to Tarlo.

The damages sought by Berezovsky in each count against TRG are virtually identical.[2]

On October 23, 2014, Berezovsky filed the Motion with the trial court seeking leave to add a claim for punitive damages against both Tarlo and TRG. An affidavit from TRG's prior contract administrator, Karen Serzen, accompanied the Motion. In that affidavit, Ms. Serzen recalls "an issue" regarding the

---

[2] In Berezovsky's Fifth Amended Complaint, his demand for damages as to TRG in his tort counts – Counts V, VII and IX – is essentially the same as those sought in his breach of contract claim against TRG (Count III). Specifically, Berezovsky seeks recovery of his $141,780 deposit, plus benefit-of-the-bargain damages (i.e., the difference between the fair market value of the unit and the contract price).

4

assignment of the unit from Berezovsky to Tarlo. Berezovsky's own affidavit accompanying the Motion asserts that, after TRG received Berezovsky's purported disclaimer of assignment, TRG assured Berezovsky that TRG would sell the property to Berezovsky and not to Tarlo.

TRG opposed the Motion on several grounds, including its assertion that Florida's independent tort rule precluded Berezovsky's punitive damages claim.[3] On February 12, 2015, the trial court entered an order granting the Motion. The trial court's order merely states the conclusion that: "Plaintiff has provided a reasonable showing by proffer and/or by evidence in the record which provides a reasonable basis for recovery of such damages, in accordance with Section 768.72(1), Florida Statutes."

TRG timely filed the instant petition seeking certiorari review of the trial court's order. The parties' briefs and oral argument focused on whether the trial court departed from the essential requirements of law by allowing Berezovsky's punitive damages claim to proceed against TRG, which is a legal entity (that is, whether Berezovsky had made the requisite evidentiary showing required by

---

[3] Florida's independent tort rule precludes the recovery of punitive damages for a breach of contract claim unless the claimant has asserted a tort independent of the alleged breach of contract. Ferguson Transp., Inc. v. N. Am. Van Lines, Inc., 687 So. 2d 821, 822-23 (Fla. 1996). TRG argues that Berezovsky's breach of contract claim and tort claims arise from the same conduct; thus, Berezovsky may not recover identical damages in both tort and contract. Ghodrati v. Miami Paneling Corp., 770 So. 2d 181 (Fla. 3d DCA 2000).

section 768.72(3) of the Florida Statutes to assert a punitive damages claim against a legal entity).

After oral argument, we ordered the parties to provide supplemental briefing on a different issue: whether the torts alleged in Berezovsky's complaint constituted "independent torts" that are distinct from TRG's alleged breach of its contract with Berezovsky.

## II. Standard of Review

Certiorari is the appropriate remedy to challenge a trial court's order allowing a punitive damages claim to proceed when the essential requirements of law, as embodied in section 768.72, have not been followed. Globe Newspaper Co. v. King, 658 So. 2d 518 (Fla. 1995); Coronado Condo. Ass'n v. La Corte, 103 So. 3d 239 (Fla. 3d DCA 2012).

Certiorari relief is appropriate, however, only when the record establishes that a trial court applied the incorrect law; certiorari relief is not available to remedy an incorrect application of the correct law. See Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523 (Fla. 1995).

## III. Analysis

In their supplemental briefs to this Court, both TRG and Berezovsky commendably recognize that the issue identified by this Court in its supplemental briefing order is simply not subject to certiorari review. As stated previously, on

certiorari review our inquiry is limited to whether the trial court conformed with the procedural requirements of section 768.72. Globe Newspaper Co., 658 So. 2d at 519-20.

Although in Club Eden Roc, Inc. v. Fortune Cookie Restaurant, Inc., 490 So. 2d 210 (Fla. 3d DCA 1986), this Court entertained a petition for certiorari to review an order denying a motion to dismiss a claim for punitive damages based on Florida's independent tort rule, this decision predates both section 768.72 and the Florida Supreme Court's determination that certiorari jurisdiction is reserved for orders granting leave to plead punitive damages claims when the trial court has failed to comply with the statute's procedural requirements. Martin-Johnson, Inc. v. Savage, 509 So. 2d 1097, 1098-99, 1098 n.1 (Fla. 1987) (holding that certiorari is not a proper vehicle for reviewing a denial of a motion to strike a claim for punitive damages, notwithstanding that such a claim can serve as a basis for an inquiry into protected matters).

Consequently, although we might quarrel with the trial court's determination that Florida's independent tort rule is not a bar to Berezovsky's punitive damage claim, our limited certiorari jurisdiction prevents us from quashing the trial court's order on this basis.

These same restraints on our certiorari jurisdiction prevent us from quashing the trial court's order on the basis initially argued by TRG: that Berezovsky had

failed to make the required, reasonable showing that would subject TRG, a legal entity, to a punitive damages claim. While section 768.72(3) requires a specific evidentiary showing that TRG, a legal entity, either (i) actively or knowingly participated in intentional misconduct, (ii) ratified such misconduct, or, (iii) itself engaged in conduct that constituted gross negligence and that contributed to Berezovsky's loss[4] (for which the record contains scant evidence), we are unable to conclude on this record that the trial court failed to apply the correct law.

Simply put, a trial court's application of the correct law is not reviewable by certiorari, even if the appellate court were to disagree with the conclusion reached by the trial court. Ivey v. Allstate Ins. Co., 774 So. 2d 679 (Fla. 2000). Therefore, we deny TRG's petition.[5]

So ordered.

---

[4] Coronado Condo Ass'n, 103 So. 3d at 240-41.

[5] From a practical perspective, the granting of a motion for leave to amend a complaint to add a punitive damages claim can be a "game changer" in litigation. Allowing a plaintiff to proceed with a punitive damages claim subjects the defendant to financial discovery that would otherwise be off limits, Walt Disney World Co. v. Noordhoek, 672 So. 2d 98, 99 (Fla. 3d DCA 1996), and potentially subjects the defendant to uninsured losses. Morgan Int'l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 617 So. 2d 455, 459 (Fla. 3d DCA 1993) ("[P]ublic policy in Florida prohibits liability insurance coverage for punitive damages assessed against a person because of his own wrongful conduct."). We urge the Florida Bar's Appellate Court Rules Committee to review rule 9.130(a)(3) of the Florida Rules of Appellate Procedure to consider whether to include in the rule's catalogue of appealable, non-final orders a trial court's order granting a motion for leave to add a punitive damages claim.