# Third District Court of Appeal

**State of Florida**

Opinion filed October 31, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2711
Lower Tribunal No. 15-20187

_____

**Stephen A. Levin, Alfonso Fernandez, Gold Coast Beverage Distributors, Inc., n/k/a RMET Holdings, Inc., Eran Holdings, Inc., and Gold Coast Holdings, Inc.,**
Petitioners,

vs.

**Wilbur B. Pritchard, III,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Samantha Ruiz-Cohen, Judge.

Greenberg Traurig, P.A., and Hilarie Bass, Elliot H. Scherker, Brigid F. Cech Samole, and Ian M. Ross, for petitioners.

Rennert Vogel Mandler & Rodriguez, P.A., and Thomas S. Ward, for respondent.

Before SUAREZ, LAGOA, and SALTER, JJ.

SUAREZ, J.

Petitioners[1] seek certiorari relief from the trial court's order granting Respondent Wilbur Pritchard's ("Pritchard") motion to amend his complaint to assert a claim for punitive damages pursuant to section 768.72, Florida Statutes (2018). Because we find that the trial court applied the correct law and complied with the procedural requirements of section 768.72, we are compelled to deny the petition.

This case stems from Pritchard's retirement from Gold Coast, a Florida beer distributor. In May 2012, Pritchard, who was Gold Coast's Vice President of Facilities, notified Gold Coast of his intention to retire. Pritchard and Gold Coast executed a separation agreement in June 2012. While Pritchard worked for Gold Coast, he was granted units in an equity plan. Upon retirement, Pritchard was awarded over one million dollars for those units.

In 2014, Reyes Group, a national beer distributor, approached Gold Coast about an acquisition. Gold Coast had rejected earlier acquisition attempts in 2010 and 2012, but this time, the parties entered into an asset purchase agreement whereby a wholly owned subsidiary of Reyes would acquire Gold Coast. When Pritchard learned of the acquisition, he sued Gold Coast, other corporate defendants (Eran and GC Holdings), and individuals Stephen Levin and Alfonso

[1] Stephen A. Levin; Alfonso Fernandez; Gold Coast Beverage Distributors, Inc. ("Gold Coast"); n/k/a RMET Holdings, Inc.; Eran Holdings, Inc. ("Eran"); Gold Coast Holdings, Inc. ("GC Holdings").

Fernandez[2] because they did not notify him of Reyes Group's acquisition attempts before he retired. He claims that he would not have retired had he known about the prior negotiations since his equity plan units would have been worth much more if he had remained.

In July 2017, Pritchard filed a motion to amend his complaint with a claim for punitive damages pursuant to section 768.72.[3] The trial court held two hearings and ultimately granted Pritchard's motion to amend. Petitioners now seek to quash the trial court's order, alleging that the court failed to comply with the requirements of section 768.72.

Generally, certiorari relief is appropriate only if a petitioner establishes a departure from the essential requirements of the law resulting in material injury that cannot be remedied on appeal. See Robins v. Colombo, 43 Fla. L. Weekly D1821, at *1 (Fla. 3d DCA Aug. 8, 2018); Nieves v. Viera, 150 So. 3d 1236, 1238 (Fla. 3d DCA 2014). Because section 768.72 creates "a substantive legal right not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary

_____

[2] Levin was Gold Coast's majority owner and Chairman; Fernandez was its Chief Operating Officer.

[3] Section 768.72(1) "requires a plaintiff to provide the court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in plaintiff's complaint." Globe Newspaper Co. v. King, 658 So. 2d 518, 520 (Fla. 1995).

3

basis for recovery of punitive damages . . . a plenary appeal cannot restore a defendant's statutory right under section 768.72 . . . ." Globe Newspaper Co. v. King, 658 So. 2d 518, 520 (Fla. 1995). We therefore have certiorari jurisdiction to review an order granting leave to amend a complaint to include punitive damages. Id. at 519; TRG Desert Inn Venture, Ltd. v. Berezovsky, 194 So. 3d 516, 519 (Fla. 3d DCA 2016); see also Williams v. Oken, 62 So. 3d 1129, 1132 (Fla. 2011) (holding that material injury that cannot be remedied on appeal is a jurisdictional requirement that must be analyzed before considering whether the trial court departed from the essential requirements of the law").

In determining whether the trial court departed from the essential requirements of the law when it granted Pritchard's motion to amend, we must limit our review to whether the court complied with the procedural requirements of section 768.72. Globe, 658 So. 2d at 520; Robins, 43 Fla. L. Weekly D1821, at *1; TRG Desert Inn Venture, 194 So. 3d at 519; Royal Caribbean Cruises, Ltd. v. Doe, 44 So. 3d 230, 233 (Fla. 3d DCA 2010). Moreover, we are not permitted "to review the sufficiency of the evidence considered by the trial court in granting leave to amend the complaint to add a claim for punitive damages." Robins, 43 Fla. L. Weekly D1821, at *1 (quoting SAP Am., Inc. v. Royal Flowers, Inc., 187 So. 3d 946 (Fla. 3d DCA 2016)); see also Globe, 658 So. 2d at 520. Finally, certiorari relief is only appropriate "when the record establishes that a trial court

applied the incorrect law; certiorari relief is not available to remedy an incorrect application of the correct law." TRG Desert Inn Venture, 194 So. 3d at 519.

Based on our review of the record below, we are unable to find that the trial court failed to comply with the procedural requirements of section 768.72. Pritchard's motion to amend contained a detailed table outlining the record evidence and sworn declarations that provided the basis for his punitive damages claim. Moreover, the trial court conducted two hearings on the motion and requested supplemental memoranda as to the evidentiary basis for punitive damages against the corporate defendants. Further, Petitioners presented their arguments against Pritchard's motion to amend in their written opposition, during both hearings, and in their response to Pritchard's court-ordered supplemental memorandum. It is also clear from the record that the trial court applied the correct law. The court, in its order granting the motion to amend, found—based on Pritchard's motion, the supplemental memoranda, and the arguments presented during the two hearings—that Pritchard "made the requisite showing by evidence in the record or proffered by plaintiff that would support a reasonable basis for recovery of punitive damages as required by *Fla. Stat. §* 768.72 against defendants . . . ."

Although we may disagree that there was sufficient evidence to provide a reasonable basis for Pritchard's punitive damages claim, our narrow standard and

scope of review prevent us from quashing the trial court's order on that basis.[4]  We

therefore deny the petition for writ of certiorari.

   Petition denied.

---

[4] As this Court observed in <u>TRG Desert Inn Venture</u>, "the granting of a motion for leave to amend a complaint to add a punitive damages claim can be a 'game changer' in litigation. Allowing a plaintiff to proceed with a punitive damages claim subjects the defendant to financial discovery that would otherwise be off limits . . . and potentially subjects the defendant to uninsured losses."  194 So. 3d at 520 n.5 (citations omitted).  Consequently, review by interlocutory appeal rather than by way of a petition for writ of certiorari would perhaps be more appropriate. <u>See</u> <u>id.</u> ("We urge the Florida Bar's Appellate Court Rules Committee to review rule 9.130(a)(3) of the Florida Rules of Appellate Procedure to consider whether to include in the rule's catalogue of appealable, non-final orders a trial court's order granting a motion for leave to add a punitive damages claim.").