DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DARRAGH KENNY,** et al.,
Appellants,

v.

**EVERLONG, LLC,**
Appellee.

No. 4D2023-2978

[November 27, 2024]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine D. Cheesman, Judge; L.T. Case No. 502021CA002770.

Maria H. Ruiz, Jacob Abrams and Danielle F. Moriber of Kasowitz Benson Torres LLP, Miami, for appellants.

Kayla L. Pragid of Holland & Knight LLP, West Palm Beach, and Christopher Bellows of Holland & Knight LLP, Miami, for appellee.

KUNTZ, J.

Darragh Kenny, Oakland Ventures, LLC, Oakmont Stables, LLC, Whiterock Farm Limited, and Carmen Barrera appeal a nonfinal order granting appellee Everlong, LLC's motion for leave to amend to assert a punitive damages claim. We reverse.

Everlong filed the underlying lawsuit against Kenny, Oakland Ventures, Oakmont Stables, and Whiterock in March 2021. Everlong subsequently added Barrera as a defendant. In the third amended complaint, Everlong raised fourteen claims. Everlong also sought leave to assert a punitive damages claim. Everlong alleged appellants had "engaged in a fraudulent scheme and committed gross negligence and fiduciary duty breaches in caring for and training" its horses. Everlong claimed appellants' conduct was "reprehensible" and alleged that appellants:

> (i) overcharged [Everlong] for horse-related expenses, (ii) stole and misappropriated [Everlong's] horse straws (horse semen), (iii) created fake documents (e.g., invoices, bills of sale, etc.),

(iv) inflated charges, (v) misappropriated [Everlong's] funds, (vi) took commissions from horse transactions involving [Everlong] that were neither disclosed nor earned, (vii) asserted [Everlong] was liable for certain taxes, when it was not, and (viii) claimed ownership interests in at least two [Everlong] horses beyond what was agreed to by [Everlong] and without [it]s consent.

On these allegations, the circuit court allowed Everlong to proceed with its punitive damages claim.

Appellants argue punitive damages for Everlong's tort claims are barred by the independent tort doctrine. "In general, punitive damages may not be awarded in cases based upon breach of contract. In order for punitive damages to be recoverable in such a case, the breach of contract must be attended by some additional wrongful conduct amounting to an independent tort." *S. Bell Tel. & Tel. Co. v. Hanft*, 436 So. 2d 40, 42 (Fla. 1983) (citation omitted); *see also Abad v. Lacalamita*, 353 So. 3d 1217, 1219 (Fla. 3d DCA 2022) ("Florida's independent tort rule precludes the recovery of punitive damages for a breach of contract claim unless the claimant has asserted a tort independent of the alleged breach of contract.") (quoting *TRG Desert Inn Venture, Ltd. v. Berezovsky*, 194 So. 3d 516, 519 n.3 (Fla. 3d DCA 2016)).

Appellants argue that both the contract and tort claims arise from the same conduct, seek the same damages, and are pled as such. For example, in April 2020, Everlong decided to sell one of its horses, Important de Muze, and entered into an agreement with Darragh Kenny for him to act as the agent/broker. Kenny subsequently informed Everlong that he had found a potential €1,000,000 buyer, and Everlong accepted and agreed to pay Kenny a 15% commission. Count three of Everlong's third amended complaint sought damages for breach of this agreement. Everlong alleged that Kenny breached the agreement "when he intentionally misrepresented to [Everlong] that the sale price of the horse was EUR 1,000,000 when in fact the sale price was EUR 1,120,000, and by keeping the undisclosed EUR 120,000 for himself."

Everlong cannot recover punitive damages on its tort claims "unless the tort is independent of any breach of contract." *Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) (citing *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017)). As the court held in *Puig*, "for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the

contract's breach." *Puig*, 223 So. 3d at 1068 (citation omitted). As pled in this case, the damages stemming from Everlong's misrepresentation claim are not independent, separate, and distinct from the damages arising from the breach of contract claim. The damages relate exclusively to appellants' actions relating to the contract. As a result, those actions cannot support a punitive damages claim.

A similar result arises from two other agreements at issue in the third amended complaint—the sponsorship contract and warranty contract. The damages relating to the breach of those contract claims are the same damages relating to the remaining tort claims in the third amended complaint.

A review of the third amended complaint supports appellants' argument that the complaint "merely established the existence of a contractual dispute." *Island Travel & Tours, Ltd., Co.*, 300 So. 3d at 1240 (citation omitted). Such a claim cannot support a punitive damages claim.

The circuit court's order allowing Everlong to seek punitive damages is reversed.

*Reversed and remanded.*

ARTAU, J., concurs.
MAY, J., concurring specially with opinion.

MAY, J., concurring specially.

I concur with the majority's decision to reverse but would decide this case on the insufficiency of Everlong's allegations and proffer. In my view, both failed to show the defendants' conduct was sufficiently outrageous to justify punitive damages.

"As the Florida Supreme Court recognizes, punitive damages are reserved for truly 'culpable conduct,' and the requisite level of negligence for those damages is 'equivalent to the conduct involved in criminal manslaughter.'" *Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo*, 357 So. 3d 703, 706 (Fla. 4th DCA 2023) (internal citation omitted). To allow a party to plead a punitive damages claim, a trial court must conclude the movant proffered a "reasonable evidentiary basis for recovery of punitive damages." *Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 32 (Fla. 4th DCA 2023) (internal citation omitted) (emphasis omitted).

3

The trial court found: "Everlong's evidentiary proffer supports a reasonable basis for recovery of punitive damages based on intentional misconduct under the theories of conversion, fraud and conspiracy to commit fraud, and breach of fiduciary duty and aiding and abetting breach of fiduciary duty. . . . [and] on gross negligence under [Everlong's] negligent misrepresentations and omissions claim. But Everlong was required to "do more than make a showing that an intentional tort may have been committed[.]" *CCP Harbour Island, LLC v. Manor at Harbour Island, LLC*, 373 So. 3d 18, 31 (Fla. 2d DCA 2023). Here, the trial court was satisfied with a much lesser standard of culpability than required by law.

Neither the complaint's allegations nor the plaintiff's proffer demonstrated the defendants' conduct was "'so outrageous in character, and so extreme in degree . . . [that] . . . an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Fed. Ins. Co.*, 376 So. at 36 (quoting *Oriolo*, 357 So. 3d at 706). In my view, Everlong's allegations of misconduct do not support a punitive damages claim in this case.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4