# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1952
Lower Tribunal No. 21-0308
_____

## Palm Bay Towers Condominium Association, Inc.,
Appellant,

vs.

## Thomas Marrazza, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

GrayRobinson, P.A., and Jack R. Reiter and Robert C. Weill, for appellant.

Kula & Associates, P.A., and Elliot B. Kula and William D. Mueller, for appellees.

Before EMAS, FERNANDEZ and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Palm Bay Towers Condominium Association, Inc. ("PBT") appeals a nonfinal order granting plaintiffs' motion for leave to amend the complaint to assert a claim for punitive damages. For the reasons that follow, we reverse the order on appeal and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

PBT shares certain common elements with its neighboring building, Palm Bay Condominium, Inc. ("PBC") including a marina. On February 8, 2019, the City of Miami issued a "Repair or Demolish" notice, declaring the marina an unsafe structure and ordering its immediate closure. When PBC and PBT purportedly failed to act, this litigation was initiated by several PBT and PBC unit owners, alleging gross mismanagement.

The amended complaint asserts claims for breach of contract, injunctive relief, and negligence against PBT and PBC. In addition, the PBT unit owners alleged claims for breach of contract, breach of fiduciary duty, negligence, and violation of section 718.116(10), Florida Statutes (2021), arising out of PBT's failure to maintain the PBT building and to repair damage.

In July 2023, following discovery, plaintiffs sought leave to amend their complaint to assert a claim for punitive damages against PBT. The motion

described the basis for seeking punitive damages, and attached several documents as a part of the proffer.

PBT responded, asserting that the punitive damages claim was unfounded and that plaintiffs failed to meet their burden of showing entitlement to assert such a claim. PBT attached several documents in support of its response to plaintiffs' motion.

Following a non-evidentiary hearing, the trial court granted the motion, finding plaintiffs made a sufficient and reasonable showing of evidence in the record to provide a reasonable basis for recovery of punitive damages against PBT. This appeal followed.

**STANDARD OF REVIEW**

We review de novo an order granting leave to amend to add a claim for punitive damages. Gattorno v. Souto, 390 So. 3d 134 (Fla. 3d DCA 2024) (citing Grove Isle Ass'n, Inc. v. Lindzon, 350 So. 3d 826, 830 (Fla. 3d DCA 2022)). "In doing so, this court 'views the record evidence and the proffered evidence in the light most favorable to the plaintiffs and accepts said evidence as true for the purpose of reviewing whether a reasonable basis exists for punitive damages." Id.

3

## ANALYSIS AND DISCUSSION

PBT contends that the trial court erred in granting leave to amend to assert a claim for punitive damages because (1) the allegations of the complaint, together with the record evidence and proffer, fail to meet the requisite standard for leave to amend to assert a claim for punitive damages; (2) the trial court applied the incorrect standard by, inter alia, failing to weigh PBT's evidence; (3) the trial court did not consider that many problems began with the prior Board; (4) the trial court did not view the allegations through the lens of the business judgment rule; (5) punitive damages are not allowed for derivative actions or where there is no independent tort; and (6) it is against public policy.

We find the first claim dispositive, and reverse the trial court's order because the allegations of the complaint, together with the evidence in the record and proffered by plaintiffs, fail to meet the requisite standard for leave to amend to assert a claim for punitive damages.[1]

This court has consistently recognized that in Florida "the purpose of punitive damages is not to further compensate the plaintiff, but to punish the

---

[1] Because we reverse the trial court's order on this basis, we do not address the merits of the remaining claims raised on appeal by PBT.

defendant for its wrongful conduct and to deter similar misconduct by it and other actors in the future." <u>Lindzon</u>, 350 So. 3d at 829-30.

Section 768.72(1), Florida Statutes (2024), provides that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Because punitive damages are a "gamechanger," the process for asserting a claim for such damages is rather unique, in that a party may not do so without leave of the trial court. <u>See</u> <u>Globe Newspaper Co. v. King</u>, 658 So. 2d 518, 520 (Fla. 1995) (holding section 768.72 "requires a plaintiff to provide the court with a reasonable evidentiary basis for punitive damages before the court may allow a claim for punitive damages to be included in a plaintiff's complaint.") Thus, the trial court serves as a "gatekeeper," whose function is to assess whether there is a reasonable evidentiary basis for recovery. <u>Souto</u>, 390 So. 3d at 137.

Critical to the disposition of this case is the understanding that the statutory scheme envisions something of a bifurcated process with regard to a claim for punitive damages: (1) before being permitted to amend the complaint to add a claim for punitive damages, the plaintiff must make "a reasonable showing by evidence in the record or proffered by the claimant

which would provide a reasonable basis for recovery of such damages;" and (2) must thereafter present clear and convincing evidence to the trier of fact "that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2024).

As for ultimately proving entitlement to punitive damages, the jury (or the court as trier of fact) must determine the plaintiff has established, by clear and convincing evidence, "that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2024).[2]

---

[2] Although not pertinent to this appeal, based on our ultimate determination that the plaintiffs failed to properly allege a claim for punitive damages, there have been a number of recent decisions related to the plaintiff's burden of proof at the pleading stage.

Prior to 2022, orders denying a motion to amend to assert a claim of punitive damages were reviewable only by petition for writ of certiorari, and this court was limited to a determination of whether the trial court followed the procedural requirements of section 768.72. See e.g., Levin v. Pritchard, 258 So. 3d 545 (Fla. 3d DCA 2018). However, in 2021, the Florida Supreme Court expanded the list of nonfinal orders which may be immediately appealed, to include orders that "grant or deny a motion for leave to amend to assert a claim for punitive damages." See Fla. R. App. P. 9.130(a)(3)(G). See also In re Amendment to Florida Rule of Appellate Procedure, 9.130, 345 So. 3d 725 (Fla. 2022).

As a result of the amendment, we now conduct a de novo review of the trial court's order. This court, as well as the Second and Fifth Districts, have held that "the statute does not require the plaintiff prove an entitlement to punitive damages by clear and convincing evidence at this pleading stage of the case." Souto, 390 So. 3d at 137-38. See also Cook v. Fla. Peninsula Ins. Co., 371 So. 3d 958, 961 (Fla. 5th DCA 2023) Wiendl v. Wiendl, 371 So. 3d 964, 966 (Fla. 2d DCA 2023); Deaterly v. Jacobson, 313 So. 3d 798, 801

6

The terms "intentional misconduct" and "gross negligence" are further defined in the statute:

> (a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.
>
> (b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

§ 768.72(2)(a)-(b), Fla. Stat. (2024).

In the instant case, plaintiffs seek to hold PBT directly liable for its actions. As such, in addition to proving the above criteria on the part of a

---

(Fla. 2d DCA 2021); Estate of Despain v. Avante Grp., Inc., 900 So. 2d 637 (Fla. 5th DCA 2005); Werner Enters., Inc. v. Mendez, 362 So. 3d 278 (Fla. 5th DCA 2023).

Recently, the Fourth District, in Federal Ins. Co. v. Perlmutter, 376 So. 3d 24, 38 (Fla. 4th DCA 2023) (en banc), held that the trial court must "make a preliminary determination of whether a reasonable jury, viewing the totality of evidence identified in support of or opposition to the motion, and in the light most favorable to the movant, could find by clear and convincing evidence that punitive damages are warranted." The Fourth District certified this question to the Florida Supreme Court as one of great public importance, certifying conflict with the above-cited cases, and the case is currently under review. See Perlmutter v. Federal Ins. Co., No. SC24-0058. See also Selz v. McKagen, 49 Fla. L. Weekly D540 (Fla. 4th DCA March 6, 2024) (certifying conflict with Deaterly, 313 So. 3d at 798, Wiendl, 371 So. 3d at 964, Despain, 900 So. 2d at 637, Werner, 362 So. 3d 278, and Cook, 371 So. 3d at 958).

7

PBT managing agent, plaintiffs will also be required to show that PBT either actively and knowingly participated in such conduct; knowingly condoned, ratified or consented to such conduct; or engaged in conduct that constituted gross negligence which contributed to plaintiffs' damages. § 768.72(3), Fla. Stat. (2024). As our sister court summarized:

> Direct liability is one of two theories recognized in Florida through which a corporation may be liable for punitive damages. Under the direct theory, liability for gross negligence is established if the corporation itself engaged in conduct that was "so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct," and that conduct contributed to the loss of the injured party. Moreover, because a corporation cannot act on its own, "there must be a showing of willful and malicious action on the part of a managing agent of the corporation" to establish direct punitive liability.

Fla. Power & Light Co. v. Dominguez, 295 So. 3d 1202, 1205 (Fla. 2d DCA 2019) (internal citations omitted). See also Owens-Corning Fiberglas Corp. v. Ballard, 749 So. 2d 483 (Fla. 1999); Napleton's North Palm Auto Park, Inc. v. Agosto, 364 So. 3d 1103 (Fla. 4th DCA 2023).

Before the issue is put before the trier of fact, however, the trial court, in its gatekeeping function, must consider the pleading and evidentiary components of the motion to amend to determine if the plaintiff may plead a claim for punitive damages. See Crump v. American Multi-Cinema, Inc., 383 So. 3d 880, 885 (Fla. 5th DCA 2024) ("'Absent sufficient allegations, there

8

would be neither a reason nor a framework for analyzing the proffered evidentiary basis for a punitive damages claim.'" (citation omitted)).

Turning to the allegations in the proposed Second Amended Complaint, we conclude plaintiffs have failed to properly assert a claim for punitive damages against PBT.

Plaintiffs allege ten counts against PBT: Counts One through Eight allege claims of breach of contract, injunctive relief, negligence, and breach of fiduciary duty, Count Thirteen seeks an equitable accounting and Count Sixteen alleges a violation of section 718.116(10), Florida Statutes (2023).

As for Counts One through Four, there are simply no allegations of reckless or wanting care, conscious disregard, or indifference to the life, safety and rights of persons exposed to such conduct. Each of these counts alleges that PBT was negligent and/or breached contracts related to necessary repairs of various items on the property, but make no allegations of conduct constituting gross negligence or intentional misconduct.

Count Five alleges a breach of fiduciary duty and is the only count which, if proven, could arguably justify an award of punitive damages: within this Count, plaintiffs allege that the board's actions were "willful and deliberate" and that "the officers and directors of PBT (the new PBT Board) have **intentionally acted in bad faith in order to decrease the value of**

9

**the condominium units and building, destabilize PBT's finances, and rundown the building in order to purchase the units for themselves at a decreased price and then gain control of PBT and the Club Property**." (Emphasis added).

However, while such self-dealing or fraudulent conduct, if supported by a proffer or record evidence, might well provide a basis to add a claim for punitive damages, there is nothing in plaintiffs' proffer or record evidence to support the above-quoted allegation[3] contained in Count Five.

The remaining allegations against PBT contained in Counts Six through Eight, Thirteen, and Sixteen, considered together with the proffer and record evidence, are simply inadequate to meet the punitive damages threshold by making a "reasonable showing" of a "reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. As the Florida Supreme Court has reaffirmed: "The character of negligence necessary to sustain an award of punitive damages must be of a 'gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise

---

[3] Indeed, even these allegations themselves, as set forth in the proposed amended complaint, are couched in tentative terms, acknowledging they are alleged by plaintiffs "upon information and belief."

10

the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.'" Valladares v. Bank of Am. Corp., 197 So. 3d 1, 11 (Fla. 2016) (quoting Ballard, 749 So. 2d at 486).  Plainly stated, the showing by plaintiffs in the instant case, "falls short of meeting that standard." Estate of Blakely et al. v. Stetson Univ., Inc., 355 So. 3d 476 (Fla. 5th DCA 2022). See Dominguez, 295 So. 3d at 1206 (reiterating that "punitive damages are only warranted if there is evidence of negligence on [defendant's] part 'equivalent to the conduct involved in criminal manslaughter.'") (citation omitted).  See also Tiger Point Golf & Country Club v. Hipple, 977 So. 2d 608, 610 (Fla. 1st DCA 2007) (holding Club's notice of badly deteriorated condition of handrail several weeks prior to plaintiff's injury was a breach of its duty to invitees but not enough to support a punitive damages claim because conduct for such damages "properly condemns and hopefully deters  . . . willful and wanton misconduct of a character no less culpable than what is necessary to convict of criminal manslaughter."); Crump, 383 So. 3d at 887 (allegations in proposed amended complaint that movie theater inadequately trained employees to prevent stampede fell short of the gross negligence necessary for punitive

11

damages claim to proceed); <u>Friedler v. Faena Hotels & Residences, LLC</u>, 390 So. 3d 186 (Fla. 3d DCA 2024) (evidence insufficient to demonstrate that Faena "knew that it had anything more dangerous than the apparently slippery condition of a wet spa floor" and thus, that its conduct "was so willful or wanton as to warrant the punishment of punitive damages. Punitive damages are reserved for only the most egregious cases."); <u>Ebsary Found. Co. v. Servinsky</u>, 378 So. 3d 625 (Fla. 4th DCA 2023) (holding that breaches of a professional standard of care cannot be converted to a claim for punitive damages simply by labeling them grossly negligent; <u>Pinnacle Prop. Mgmt. Servs., LLC v. Forde</u>, 372 So. 3d 292, 296 (Fla. 4th DCA 2023) (holding property manager's "alleged conduct in failing to fix the gate or take other security measures is not 'so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.'"); <u>Hospital Specialists v. Deen</u>, 373 So. 3d 1283 (Fla. 5th DCA 2023) (assigning nurse practitioner to after-hours call for doctor's patients "did not rise to a willful and malicious level" to expose hospital to punitive damages.).

**<u>CONCLUSION</u>**

Because the allegations of the complaint, together with the evidence in the record and proffered by plaintiffs, fail to meet the requisite standard for

leave to amend to assert a claim for punitive damages, we reverse the trial court's order.

Reversed and remanded.