DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAUREN BOOK,**
Appellant,

v.

**BARBARA SHARIEF,**
Appellee.

No. 4D2024-2793

[July 23, 2025]

Nonfinal appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Shari Africk-Olefson, Judge; L.T. Case No. CACE22-011197.

Gary S. Phillips, Joseph F. Poklemba, and Craig H. Blinderman of Phillips Law P.A., Hollywood, and Alan J. Perlman and Jennifer J. Vaquerano of Dickinson Wright PLLC, Fort Lauderdale, for appellant.

David P. Reiner, II of Reiner & Reiner, P.A., Miami, for appellee.

GERBER, J.

In this libel case arising from a state senate election between the parties, the defendant appeals from the circuit court's nonfinal order granting the plaintiff's motion for leave to add punitive damages claims against the defendant. The defendant raises several grounds for reversal of the punitive damages order, only one of which has merit. On that ground, the defendant argues the circuit court failed to make an affirmative finding indicating whether and how the plaintiff had made a reasonable evidentiary showing that the defendant had committed either "intentional misconduct" or "gross negligence," as those terms are defined in section 768.72(2), Florida Statutes (2024), and as required for a jury to award punitive damages under section 768.72(2), thus making the circuit court's order legally deficient.

We agree with this argument. We reverse the punitive damages order, and remand for the circuit court to make an affirmative finding indicating whether and, if so, how the plaintiff has made a reasonable evidentiary showing that the defendant had committed either "intentional

misconduct" or "gross negligence" as required for a jury to award punitive damages under section 768.72(2).

<u>***Relevant Procedural History***</u>

The plaintiff's motion to add punitive damages claims against the defendant included a section entitled "Evidence Proffered or Contained in the Record." In that section, the plaintiff quoted paragraphs 37 to 58 from her operative second amended complaint, including nine allegedly libelous statements attributed to the defendant. The plaintiff incorporated by reference two composite exhibits—in both transcript and video forms—documenting those allegedly libelous statements.

The plaintiff's motion next referenced the deposition testimony of the defendant and the defendant's campaign manager. The plaintiff's motion summarily characterized the defendant's deposition testimony as having "admitted that [the defendant] has continued to make these false accusations [against the plaintiff] even after being made fully aware of their falsity." The plaintiff's motion summarily characterized the defendant's campaign manager's deposition testimony as having admitted he had "doctored a news article headline about campaign violations ... to falsely make it look like [the plaintiff had] admitted to Medicaid fraud when he and [the defendant] both knew that this [accusation] was a lie."

The plaintiff's motion concluded by arguing: "Considering the record evidence and proffered evidence in the light most favorable to the Plaintiff, there is a more-than-reasonable basis for it to ultimately be found that Defendant engaged in 'intentional conduct' or 'gross negligence' with respect to her defamatory statements. Fla. Stat. §768.72(2) (defining 'intentional conduct' and 'gross negligence')."

The circuit court held a hearing on the plaintiff's motion during the court's five-minute motion calendar, but did not issue an oral ruling. Two weeks later, the circuit court entered a written order granting the plaintiff's motion. The order first recognized the applicable standard of review from section 768.72(1) that "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2024). The order then recognized that "[b]are allegations are insufficient to support a punitive damages claim," *Cat Cay Yacht Club, Inc. v. Diaz,* 264 So. 3d 1071, 1075 (Fla. 3d DCA 2019) (citation omitted). The order next recognized that "the evidentiary showing required by section 768.72 does not contemplate the trial court simply accepting the allegations in a complaint or a motion to

amend as true." *Fla. Hosp. Med. Servs., LLC v. Newsholme*, 255 So. 3d 348, 351 (Fla. 4th DCA 2018) (citation omitted). The order then concluded:

> Here, [Defendant] argues that Plaintiff failed to sufficiently establish such an evidentiary basis. The Court does not concur; the Court finds that [Plaintiff's] Second Amended Complaint, including but not limited to paragraphs 37 to 58, and evidence proffered, in the aggregate, met the required legal threshold to plead the claim for ultimate determination by a jury.

However, the circuit court's order did not specifically determine whether and how the plaintiff's proffered evidence had made a reasonable showing that the defendant had committed either "intentional misconduct" or "gross negligence," as those terms are defined in section 768.72(2), and as required for a jury to award punitive damages under section 768.72(2).

## ***This Appeal***

This appeal followed. *See* Fla. R. App. P. 9.130(a)(3)(G) ("Appeals to the district courts of appeal of nonfinal orders [include] those that ... grant or deny a motion for leave to amend to assert a claim for punitive damages[.]").

The defendant argues the circuit court failed to make an affirmative finding indicating whether and how the plaintiff had made a reasonable evidentiary showing that the defendant had committed either "intentional misconduct" or "gross negligence," as those terms are defined in section 768.72(2), and as required for a jury to award punitive damages under section 768.72(2), thus making the circuit court's order legally deficient.

The plaintiff responds the order reflects that the circuit court applied the correct standard of review, and made an affirmative finding that a rational trier of fact could find punitive damages at trial. The plaintiff argues the circuit court was not required to make any more specific findings.

We agree with the defendant's argument. Section 768.72 pertinently provides:

> (1) In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in

3

the record or proffered by the claimant *which would provide a reasonable basis for recovery of such damages.* ...

(2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that *the defendant was personally guilty of intentional misconduct or gross negligence.* As used in this section, the term:

(a) *"Intentional misconduct" means* that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

(b) *"Gross negligence" means* that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

§ 768.72(1)-(2), Fla. Stat. (2024) (emphases added).

Here, at no point during the five-minute motion calendar hearing on the plaintiff's motion to add punitive damages claims, or in the circuit court's written order granting that motion, did the circuit court make an affirmative finding indicating whether and how the plaintiff had made a reasonable evidentiary showing that the defendant had committed either "intentional misconduct" or "gross negligence," as those terms are defined in section 768.72(2), and as required for a jury to award punitive damages under section 768.72(2).

Without any such affirmative finding, we cannot determine whether the circuit court performed its gatekeeper function of determining that the plaintiff had provided "a reasonable basis for recovery of such damages," with that basis being the defendant having committed either "intentional misconduct" or "gross negligence." § 768.72(1)-(2), Fla. Stat. (2024). *See Fed. Ins. Co. v. Perlmutter*, 376 So. 3d 24, 30 n.3 (Fla. 4th DCA 2023) ("[T]he trial court, serving as a gatekeeper, is required to make *an affirmative finding* that movant has made a reasonable showing by evidence, which would provide a reasonable evidentiary basis for recovering such damages if the motion to amend is granted.") (emphases added; internal brackets, quotation marks, and citation omitted); *McLane Foodservice Inc. v. Wool*, 400 So. 3d 757, 760-61 (Fla. 3d DCA 2024) ("[T]he gatekeeping function of the trial court in assessing a motion to amend to

4

add a claim for punitive damages requires a determination of whether the proffer, if proven, provides competent, substantial evidence at trial upon which a rational trier of fact could find that the defendant specifically intended to engage in _intentional or grossly negligent misconduct_ that was outrageous and reprehensible enough to merit punishment.") (emphases added; internal quotation marks and citation omitted). Put another way, without any such affirmative finding, the circuit court's order is incapable of adequate appellate review. _See Perlmutter_, 376 So. 3d at 30 n.3 ("Without an affirmative finding and identification of evidence supporting the ruling, appellate courts will be significantly hampered in their review of whether the trial court properly performed its gatekeeping function."). Although we have de novo review of orders granting or denying motions to add punitive damages claims, _id._ at 34, de novo review is not a proper substitute for the lack of an affirmative finding in the first instance.

## _Conclusion_

Based on the foregoing, we reverse the circuit court's order, and remand for the circuit court to make an affirmative finding indicating whether and, if so, how the plaintiff has made a reasonable evidentiary showing that the defendant had committed either "intentional misconduct" or "gross negligence," as those terms are defined in section 768.72(2), and as required for a jury to award punitive damages under section 768.72(2). Nothing in this opinion should be interpreted as suggesting whether the plaintiff has or has not made such a showing. Further, the circuit court is not required to hold another hearing before issuing an amended order on the plaintiff's motion.

_Reversed and remanded as directed._

KUNTZ, C.J., and MAY, J., concur.

\*　　　\*　　　\*

**_Not final until disposition of timely filed motion for rehearing._**

5